■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK LIVINGSTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 28, 1990, convicting him of robbery in

the second degree, grand larceny in the fourth degree (five counts), assault in the second degree, and assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). The testimony of a single eyewitness can be sufficient to support a judgment of conviction *(see, People v Arroyo,* 54 NY2d 567, *cert denied* 456 US 979; *People v Hooper,* 112 AD2d 317). Issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Here, the Trial Justice, sitting without a jury, was entitled to give great weight to the testimony of the complaining witness and to reject the testimony of the defendant's alibi witnesses.

The defendant's conclusory allegation that he was unfairly prejudiced because the Trial Justice, at trial, admitted testimony elicited at a *Wade* hearing at the trial and made that testimony part of the trial record is without merit. We note that the defendant consented to this procedure. In any event, "[a] Judge 'by reasons of * * * learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination' based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision" *(People v Moreno,* 70 NY2d 403, 406, citing *People v Brown,* 24 NY2d 168, 172). At bar, the Trial Justice, sitting as the finder of fact, is presumed to have considered only the competent evidence adduced at the trial in reaching his verdict *(see, People v McKinley,* 124 AD2d 752).

Moreover, the defendant executed a written waiver of a jury trial only after consulting with counsel and being informed by the court of the nature and consequences of his waiver. The defendant repeatedly indicated that he understood his options and wished to have a bench trial. Therefore, "the record compels the conclusion that his waiver was voluntarily and intelligently made" *(People v Harris,* 133 AD2d 649, 650). Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.