■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM QUINONES, Appellant. [597 NYS2d 1] —Judgment, Supreme Court, New York County (Harold Rothwax, J., at *pro*

*se* hearing; Robert Haft, J., at suppression hearing and jury trial), rendered June 7, 1989, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's conviction arises from his arrest in connection with the multiple stabbing and bludgeoning of a homeless man in a Manhattan park. Viewing the evidence at trial in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of the crime charged was amply supported *(People v Bleakley,* 69 NY2d 490). Evidence of unknown individuals hurrying from the scene of the murder, and defendant's contradictory statements made to the police, were properly placed before the jury. Its determinations of credibility and fact, not unreasonable, will not be disturbed by this Court *(People v Gruttola,* 43 NY2d 116, 122).

Following a finding that defendant was mentally fit to stand trial, the *pro se* hearing court duly conducted a searching inquiry to determine whether defendant's decision to waive counsel and proceed *pro se* was knowing and intelligent. Defendant's responses to the court indicated that he understood the nature of the charges against him, as well as the risks involved in his decision to waive counsel. Thus, the hearing court properly granted defendant's application to represent himself *(People v Reason,* 37 NY2d 351, 356). We find nothing in defendant's conduct during trial to suggest that he, in fact, lacked the capacity to proceed *pro se,* with assistance of counsel accepted during various portions of the trial *(supra).*

The record supports the suppression court's findings that defendant voluntarily accompanied the police to the precinct for the anticipated purpose of assisting in the investigation of the murder, and that when defendant's status changed to that of a suspect, he voluntarily, knowingly and intelligently waived the *Miranda* rights *(People v Rivera,* 68 NY2d 786, *affg* 121 AD2d 166).

We have considered defendant's additional arguments and find them to be either unpreserved for appellate review as a matter of law, or meritless. Concur—Murphy, P. J., Ellerin, Wallach and Asch, JJ.