■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROSEBROUGH, Appellant. [608 NYS2d 915] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that Supreme Court erred in failing to order *sua sponte* a competency examination pursuant to CPL 730.30 (1) to determine defendant's fitness to proceed *(see, People v Gensler,* 72 NY2d 239, *cert denied* 488 US 932; *People v Swan,* 158 AD2d 158). The record reveals that, while at times defendant was belligerent and uncooperative, his behavior did not indicate that he may be an "incapacitated person" within the meaning of CPL 730.10 (1). In sum, defendant's conduct viewed in its entirety could not reasonably be interpreted as evincing defendant's incapacity to consult with his attorneys with a reasonable degree of rational understanding and with a rational as well as a factual understanding of the proceedings against him *(see, People v Arnold,* 113 AD2d 101, 102, *after remittal* 126 AD2d 955; *People v Picozzi,* 106 AD2d 413).

We have reviewed defendant's contention that the sentence imposed was unduly harsh and excessive, and find it to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Burglary, 2nd Degree.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LOVE, Appellant. [608 NYS2d 916] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the misconduct of the prosecutor during his cross-examination of the alibi witness was so egregious as to deprive defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396, 401; *People v Mott,* 94 AD2d 415, 418-419). Defendant's argument that the trial court erred in failing to compel the People to produce the confidential informant has not been preserved *(see,* CPL 470.05 [2]) and we decline to review the alleged error in the interest of justice *(see,* CPL 470.15 [6] [a]). Defendant's sentence is neither harsh nor excessive. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.