■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVIS JOHNSON, Appellant. [617 NYS2d 313] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered January 4, 1991, convicting defendant, after a jury trial, of robbery in the first degree and attempted robbery in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years and 1½ to 3 years, respectively, unanimously affirmed.

On February 20, 1990, defendant robbed a 45 year-old man, in the Times Square Subway station. Six days later, defendant attempted to rob a 39 year-old man at the same location. Defendant was quickly apprehended after the attempted robbery and both victims identified defendant as the perpetrator.

Contrary to defendant's contention, we find that the trial court meaningfully responded to the two notes from the jury, which sought further instruction on the element of the use of a dangerous instrument in the commission of the crime of robbery in the first degree, without undue prejudice to the defendant (People v Malloy, 55 NY2d 296, 302, cert denied 459 US 847). A specific response would have placed the court's imprimatur on the conclusion to be reached by the jury.

The trial court having observed defendant during trial, properly exercised its discretion in denying defendant counsel's application for another competency hearing, especially in light of the examination held several months previously, in which two psychiatrists found defendant fit to proceed to trial.

Nor do we find that the trial court abused its discretion when it permitted the prosecutor to inquire into defendants three prior robbery convictions, since its Sandoval ruling properly weighed the probative value of those convictions against the potential for undue prejudice (People v Cain, 167 AD2d 131, 132-133, lv denied 77 NY2d 836).

We have considered the remaining contentions of defendant, and find them to be without merit. Concur—Wallach, J. P., Asch, Rubin and Williams, JJ.