■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRA JOE VAN NOSTRAND, Appellant. [630 NYS2d 101] —White, J. Appeal from a judgment of the County Court of Hamilton County (Feldstein, J.), rendered October 22, 1993, upon a verdict convicting defendant of the crimes of rape in the first degree, rape in the third degree (12 counts), criminal possession of a weapon in the third degree and coercion in the first degree.

On August 5, 1992, a felony complaint and misdemeanor information were filed in Justice Court in the Town of Wells, Hamilton County, charging defendant with the crimes of rape in the first degree and endangering the welfare of a child. Thereafter, defendant waived indictment and consented to be prosecuted by a superior court information charging him with the crime of rape in the third degree. Although the transcript of the proceeding is not part of the record, it is undisputed that defendant pleaded guilty to the rape charge on September 16, 1992. After a new District Attorney assumed office, this matter was presented to a Grand Jury which returned a 52-count indictment charging defendant, *inter alia*, with having committed a series of rapes between July 11, 1991 and September 25, 1991. Following trial, defendant was convicted of one count of rape in the first degree, one count of coercion in the first degree, one count of criminal possession of a weapon in the third degree and 12 counts of rape in the third degree; defendant was sentenced to terms of imprisonment totaling 23 to 69 years. Defendant appeals.

Initially, defendant argues that his conviction should be reversed on double jeopardy grounds pursuant to CPL 40.40 (1) and (2). Whether this statute is applicable depends upon whether the offense charged in the superior court information and the offenses charged in the indictment are based upon the same criminal transaction which is defined as "conduct * * * so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident" (CPL 40.10 [2]).

The record shows that while the rapes were perpetrated against the same victim, the rape charge in the superior court information arose out of an incident that occurred on July 5, 1991 in the Town of Wells, whereas the rape charges in the indictment are based on incidents that took place in the Town of Lake Pleasant, Hamilton County, between July 11, 1991 and September 25, 1991. Given the temporal and spatial differences between the acts of rape alleged in the two accusatory instruments, the prosecution of the indictment is not barred by double jeopardy since each rape was a separate and distinct crime rather than a product of a single criminal incident (*see, People v Moore*, 170 AD2d 847, 849, *lv denied* 77 NY2d 998; *People v Brown*, 66 AD2d 223, 226).

Alternatively, defendant contends he should not have been tried on the indictment because, when he pleaded guilty to the rape charge contained in the superior court information, he believed that such plea resolved all matters claimed by the victim against him. We reject this argument because there is nothing in the record indicating that the plea was accepted in full satisfaction of all possible charges (*see, People v Davis*, 187 AD2d 750). In fact, at sentencing County Court, which had accepted the plea, remarked that it was not in full satisfaction of all charges. Also, defendant's belief that the plea covered other uncharged crimes is irrelevant because New York does not recognize a subjective double jeopardy rule (*see, People v Latham*, 83 NY2d 233, 239).

In a *Sandoval* hearing, County Court precluded the People from using defendant's rape conviction to impeach his testimony and from questioning him about the underlying circumstances of the conviction. However, it did permit the victim to testify about the underlying circumstances to the extent that defendant pointed a gun at her and told her that she would have to allow him to have sexual intercourse with her or he would kill everyone. Defendant contends that it was error to admit this testimony.

Generally, evidence of prior crimes committed by an accused

may not be admitted unless it helps establish some element of the crimes under consideration or is relevant because of some recognized exception to the general rule (see, *People v Lewis*, 69 NY2d 321, 325). In this instance, the evidence was relevant on the issue of the victim's state of mind and to prove that defendant used " 'forcible compulsion' ", a necessary element of the crime of rape in the first degree (see, *People v George*, 197 AD2d 588, 589, *lv denied* 82 NY2d 925, 83 NY2d 852). Therefore, since the probative value of the victim's testimony outweighed the dangers of prejudice to defendant, it was properly admitted into evidence even though it may have revealed that defendant committed another crime (see, *People v Gutkaiss*, 206 AD2d 584, *lv denied* 84 NY2d 936, 1032; *People v Thompson*, 158 AD2d 563, *lv denied* 76 NY2d 797).

We have examined defendant's other challenges to County Court's rulings and find that they lack substance. County Court's admonishment to defendant not to consult with his attorney during a recess in his testimony did not infringe upon his constitutional right to counsel (see, *People v Branch*, 83 NY2d 663, 666). The victim's testimony explaining her delay in reporting the rapes was properly admitted as it was relevant to dispel the doubt some jurors may have had regarding her veracity because of her failure to promptly report them (see, *People v McDaniel*, 81 NY2d 10, 16; *People v Naylor*, 196 AD2d 320, 323, *lv denied* 84 NY2d 870).*

Lastly, County Court properly exercised its discretion in prohibiting defense counsel from cross-examining the victim and her mother about whether the victim regularly consumed alcohol and used drugs in her mother's presence and whether the victim had on one occasion pulled down her pants and showed the "moon" since these generalized acts were not relevant to the central issues in this case (see, *People v Domanico*, 203 AD2d 378, 379; *People v Pereda*, 200 AD2d 774, *lv denied* 83 NY2d 914). We note that County Court did permit defense counsel to question the victim and her mother about the victim's use of alcohol when it pertained to specific acts testified to by the witnesses. Further, defendant was allowed to challenge the victim's credibility by inquiring about her participation in a burglary.

The victim testified that she was 15 years old and not married to defendant during the times specified in the indictment

---

* We have not considered the issue of whether it was error to admit the testimony of the victim's mother pertaining to the victim's complaints of rape since this issue was not preserved by proper objection (see, *People v Guerra*, 174 AD2d 502, *lv denied* 78 NY2d 1076).

and that defendant engaged in sexual intercourse with her on each date specified in the counts of the indictment of which he was convicted of rape in the third degree. She further stated that on July 11 or 12, 1991, defendant came into her bedroom, placed a large hunting knife against her throat, raped her and told her that if she told anyone he would kill her and her brothers and sister. The victim also testified to continual threats by defendant to kill her and her family if she told anyone about the rapes. Viewing this evidence, as we must, in a light most favorable to the People, we conclude that it was sufficient to provide a valid line of reasoning to support the verdict (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Limpert*, 186 AD2d 1005, *lv denied* 81 NY2d 764; *People v La Porte*, 184 AD2d 803, 805, *lv denied* 80 NY2d 905; *People v Shelton*, 175 AD2d 887, 888).

When we examine a verdict to determine if it is against the weight of the evidence, we accord great deference to the jury's resolution of credibility issues and, if not unreasonable, we will not disturb its determinations (*see, People v Quinones*, 192 AD2d 391, 392, *lvs denied* 82 NY2d 724, 84 NY2d 909; *People v Barnhill*, 188 AD2d 884, 885-886). While defendant questions the victim's credibility, the record furnishes no legitimate basis for doubting her version of the events. Thus, we conclude that the verdict is not against the weight of the evidence (*see, People v Magee*, 208 AD2d 977, 978).

Defendant's *Brady* claim is meritless since he obviously had knowledge of the contents of his own letter and there is no proof that the victim's hospital record was in the People's possession (*see, People v Lent (Wild Bill)*, 204 AD2d 855, 856, *lv denied* 84 NY2d 869, 873; *People v Buxton*, 189 AD2d 996, 997, *lv denied* 81 NY2d 1011).

Lastly, we do not view the sentences imposed upon defendant to be harsh or excessive in view of the nature of the crimes of which he stands convicted and the manner in which he sought to indulge his own appetites at the expense of the victim and society. We have examined defendant's remaining contentions and find them unpersuasive.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.