■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BARNWELL, Appellant. [641 NYS2d 744] —White, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered April 18, 1994, convicting defendant following a nonjury trial of the crimes of sexual abuse in the first degree and sexual abuse in the second degree.

Following his indictment for certain sex-related crimes, it was determined that defendant was an "incapacitated person" within the meaning of CPL 730.10 (1) and, on October 8, 1993, was committed to the custody of the Commissioner of Mental Health. Thereafter, on October 29, 1993, it was determined that defendant was no longer an incapacitated person and this action was reinstated. Immediately prior to the commencement of the trial on March 9, 1994, defendant waived his right to a jury trial and elected to proceed *pro se.* After trial, he was convicted of the crimes of sexual abuse in the first degree and sexual abuse in the second degree, for which he was sentenced to a term of imprisonment. Defendant now appeals.

His initial argument is that County Court erred in failing to, *sua sponte,* order a competency hearing at the time of trial. We disagree since the record presents no reasonable grounds for County Court to have done so inasmuch as it had before it the recent psychiatric report indicating that defendant did not present symptoms of any major psychiatric conditions and was feigning mental illness to avoid criminal prosecution (*see, People v Gensler,* 72 NY2d 239, 245, *cert denied* 488 US 932; *People v Johnson,* 208 AD2d 456, *lv denied* 85 NY2d 863). Further, even though defendant made several inappropriate comments during the trial, his conduct, viewed in its entirety, cannot be reasonably interpreted as evincing an incapacity to understand the proceedings against him or to assist in his defense (*see, People v Rosebrough,* 199 AD2d 1024, *lv denied* 83 NY2d 857).

Having been found competent to proceed to trial, defendant was competent to waive his right to a jury trial and to elect to proceed *pro se* (*see, Godinez v Moran,* 509 US 389). Thus, his invocation of these constitutional rights will be sustained

provided it was knowingly and intelligently made (*see, People v Ryan*, 82 NY2d 497, 507; *People v Davis*, 49 NY2d 114, 119).

When a defendant voices a desire to proceed *pro se*, the trial court's only obligation is to insure that he or she is aware of the dangers and disadvantages of self-representation (*see, People v Simmons*, 182 AD2d 1018). Likewise, it must ascertain if the defendant understands the nature and consequences of a waiver of a jury trial (*see, People v Livingston*, 184 AD2d 529, 530).

Here, the record discloses that County Court engaged in an extensive colloquy with defendant regarding these issues and that defendant, who is not a naif in the world of criminal justice, displayed an adequate understanding of the import of his decision and the perils he faced. Accordingly, we find that his election to proceed *pro se* and to waive a jury trial was knowingly and intelligently made and that County Court properly granted his application (*see, People v Quinones*, 192 AD2d 391, 392, *lvs denied* 82 NY2d 724, 84 NY2d 909; *People v Greany*, 185 AD2d 376, 378, *lv denied* 80 NY2d 1027; *People v Livingston, supra*, at 530).

In light of defendant's voluntary and counseled decision, he is in no position to argue that his counsel's representation was ineffective because he failed to object to defendant's assertion of his constitutional rights.

We have examined defendant's remaining contentions and find them unpersuasive. For these reasons, we affirm.

Mikoll, J. P., Mercure, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.