■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MAHER, Appellant. [671 NYS2d 328] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered February 15, 1996, convicting him of attempted murder in the second degree (two counts), assault in the first degree (two counts), assault in the second degree, and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The jury's rejection of the defense that the defendant was not responsible for his acts by reason of mental defect or disease was not against the weight of the evidence. A jury is free to accept or reject, in whole or in part, the opinion of any expert (*see, People v Klumbach,* 202 AD2d 1009, 1010; *People v Moss,* 179 AD2d 271, 272; *People v Justice,* 173 AD2d 144, 146). The record in this case supports the jury's rejection of the defense expert's opinion that the defendant lacked criminal responsibility with respect to the crimes charged (*see, People v Rison,* 151 AD2d 879, 880).

We reject the defendant's contention that the trial court erred in failing to, *sua sponte,* order a competency examination at the time of sentencing. A defendant is presumed competent to proceed and the trial court is not required to order an examination unless it has reason to believe that the defendant is an "incapacitated person" (CPL 730.10 [1]; 730.30 [1]; *see also, People v Morgan,* 87 NY2d 878, 879-880; *People v Gelikkaya,* 84 NY2d 456, 459). A defendant's psychiatric history alone does not mandate that the court order such an examination (*see, People v Morgan, supra,* at 881; *People v Gelikkaya, supra,* at 459). There is nothing to suggest that the defendant was unable as a result of mental disease or defect to understand the proceedings or to assist in his own defense (*see,* CPL 730.10 [1]; *People v Barnwell,* 227 AD2d 664; *People v Rippel,* 221 AD2d 1025; *People v Rosebrough,* 199 AD2d 1024; *People v Greco,* 177 AD2d 648).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80, 85).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.