■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN JORDAN, Appellant. [715 NYS2d 880] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered July 2, 1997, convicting him of criminal possession of a weapon in the third degree and unlawful possession of marihuana under Indictment No. 2443/94, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Blumenfeld, J.), rendered September 30, 1997, convicting him of criminal possession of a weapon in the third degree under Indictment No. 2459/97, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rotker, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence under Indictment No. 2443/94.

Ordered that the judgments are affirmed.

At the hearing on that branch of the defendant's motion which was to suppress physical evidence, the hearing court indicated that it would apply an adverse inference to the testimony of two police officers because one of the officers had misplaced notes he made regarding the defendant's arrest. The defendant's contention that the hearing court failed to apply an adverse inference to the testimony of one of those police officers is without merit (*see, People v Livingston,* 184 AD2d 529).

The sentence imposed for the defendant's conviction under Indictment No. 2459/97 was not excessive (*see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.