■ In the Matter of ANTHONY K. and Others, Children Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF CLINTON COUNTY, Respondent; CATHERINE K., Appellant, et al., Respondent. [783 NYS2d 418]—

Lahtinen, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered January 28, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

The sole issue on appeal is whether Family Court erred in permitting respondent Catherine K. (hereinafter respondent), a mother alleged to have neglected her five children, to proceed without an attorney during part of a fact-finding hearing and

the ensuing dispositional hearing. Prior to the hearings, attorney Cheryl Maxwell was assigned to represent respondent. Maxwell appeared with respondent and represented her on November 21, 2002, the first day of the fact-finding hearing. During that first day, petitioner presented much of its proof, including seven of its eight witnesses for the fact-finding phase. At the commencement of the second day of the hearing approximately one month later, respondent informed Family Court that she no longer wanted Maxwell to represent her. After a considerable colloquy in which the court explained, among other things, the potential disadvantages of proceeding pro se, respondent adhered to her desire to "fire" Maxwell. The court thus relieved Maxwell of her assignment and permitted respondent to continue without an attorney. At the conclusion of the hearing, Family Court found that the children were neglected and, after a dispositional hearing conducted two days later, the children were placed in the custody of petitioner. Respondent appeals.

The decision to permit a party who is entitled to counsel to proceed pro se must be supported by a showing on the record of a knowing, voluntary and intelligent waiver of the right to counsel (*see People v Arroyo*, 98 NY2d 101, 103 [2002]; *Matter of Jazmone S.*, 307 AD2d 320, 321-322 [2003], *lvs dismissed* 100 NY2d 615 [2003], 1 NY3d 584 [2004]; *Matter of Child Welfare Admin. v Jennifer A.*, 218 AD2d 694, 696-697 [1995], *lv denied* 87 NY2d 804 [1995]). Because of the important right implicated, the waiver cannot rest upon cursory comments, but must be supported by a "searching inquiry" (*People v Arroyo, supra* at 103; *see People v Smith*, 92 NY2d 516, 520 [1998]; *People v Slaughter*, 78 NY2d 485, 491 [1991]; *see also People v Providence*, 2 NY3d 579, 582-584 [2004]). With respect to the competency to choose to proceed without an attorney, which respondent claims on appeal that she lacked, the general rule is that a litigant who is "competent to proceed to trial . . . [is] competent . . . to elect to proceed *pro se*" (*People v Barnwell*, 227 AD2d 664, 664 [1996]; *see People v Reason*, 37 NY2d 351, 353-354 [1975]; *People v Schoolfield*, 196 AD2d 111, 116 [1994], *lv denied* 83 NY2d 915 [1994]).

Here, respondent stated to Family Court that she wanted to "fire" Maxwell because she believed Maxwell supported the position taken by petitioner. Maxwell replied that she was representing respondent to the best of her ability. Family Court noted that Maxwell frequently appeared before the court and always diligently advocated for her clients. The court added that, unless respondent had retained private counsel, relieving

Maxwell would result in her proceeding without an attorney. The court explained that doing so would be an "extreme disadvantage" and set forth some of the reasons why she would be at a disadvantage. While respondent had mental health issues (such issues were part of the proof against her), it is apparent from the record that she was sufficiently competent to go to trial and, hence, to effectively waive her right to counsel. Indeed, we note that after waiving her right to counsel, respondent engaged in cross-examination of petitioner's witnesses, called witnesses to support her position, and otherwise advocated her case. Upon review of the record, we are unpersuaded by respondent's argument that Family Court erred in permitting her to proceed without an attorney.

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.