■ In the Matter of EVAN F., an Infant. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GEORGE L.F., Also Known as JORGE F., Also Known as GEORGE L., Appellant. [815 NYS2d 697]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding and disposition (one paper) of the Family Court, Orange County (Bivona, J.), entered February 24, 2005, which, inter alia, found that he neglected his son, and placed the child under the supervision of the Orange County Department of Social Services under stated terms and conditions for a period of 12 months, and (2) an order of fact-finding and disposition (one paper) of the same court, entered July 18, 2005, which, among other things, upon a finding that he willfully violated the terms and conditions of the order of fact-finding and disposition entered February 24, 2005, sentenced him to incarceration for a period of six months in the Orange County Jail, which was suspended upon the condition that the father strictly comply with the terms and conditions of the order entered July 18, 2005.

Ordered that the orders are reversed, on the law, without costs or disbursements, the violation petition is dismissed, and the matter is remitted to the Family Court, Orange County, for a new fact-finding hearing and determination on the neglect petition and a new disposition.

The appellant was deprived of his right to counsel at the fact-finding hearing on the neglect petition. Family Court Act § 262 (a) (i) provides that a respondent in a proceeding pursuant to Family Court Act article 10 has the right to the assistance of counsel. When such a person first appears in court, the judge must advise him or her that he or she has the right to be represented by counsel of his or her own choosing, the right to an adjournment to confer with counsel, and the right to have counsel assigned by the court if he or she is financially unable to retain counsel (*see Matter of Ella B.*, 30 NY2d 352). The deprivation of a party's fundamental right to counsel is a denial of due process and requires reversal, without regard to the merits of the unrepresented party's position (*see Matter of Williams v Bentley*, 26 AD3d 441 [2006]; *Matter of Moloney v Moloney*, 19 AD3d 496 [2005]).

Here, the Family Court informed the appellant at his initial appearance on the neglect petition that he had the right to an attorney, the right to an adjournment to obtain an attorney, and that in the event he could not afford an attorney, one could be

appointed for him by the court. The appellant neither requested appointed counsel nor waived his right to counsel, but requested an adjournment to "evaluate [his] situation." Three days before the scheduled hearing, the father faxed a letter to the Family Court requesting an adjournment so that he could retain counsel. He claimed that he did not currently have the needed funds, but that he would have them within a week. The Family Court denied this request. On the first day of the hearing, the Family Court asked the appellant if he was ready to proceed. The appellant replied that he was ready to proceed and would be representing himself, as he had been unable to obtain counsel.

To establish a waiver of the right to counsel, the record must demonstrate that the party had a sufficient awareness of the relevant circumstances and probable consequences of the waiver (*see Matter of Lawrence S.*, 29 NY2d 206; *Matter of Otto v Otto*, 26 AD3d 498 [2006]). The record does not demonstrate that the appellant had such sufficient awareness. There was no word or act by the appellant at his initial appearance on November 29, 2004, upon which the Family Court could premise a conclusion that he waived the right to counsel (*see Matter of Rockland County Dept. of Social Servs. v Champagne*, 131 AD2d 488 [1987]). Before the hearing began on January 10, 2005, the appellant stated that he was appearing pro se only because he had been unable to obtain counsel, not because he did not want counsel. The Family Court asked him only if he was ready to proceed, not if he wanted to proceed without counsel (*id.*). In fact, the appellant's prior request for an adjournment to retain counsel indicates that he did not want to proceed without counsel. This is further supported by his testimony during his direct case that he had no choice but to represent himself. The Family Court made no inquiry on January 10, 2005, as to the appellant's eligibility for assigned counsel, and the record does not reflect that the Family Court made such an inquiry before it denied his request for an adjournment (*see Matter of Brunelle v Bibeau*, 18 AD3d 927 [2005]).

While adjournments are within the discretion of the hearing court, the range of that discretion is narrowed where a fundamental right such as the right to counsel is involved (*see Matter of Sullivan v Sullivan*, 24 AD3d 455 [2005]; *Matter of Vidal v Mintzer*, 309 AD2d 756 [2003]). By failing to either adjourn the hearing so that the appellant could retain counsel or to inquire into the appellant's eligibility for assigned counsel, the Family Court deprived him of his right to counsel, necessitating a new hearing.

The appellant's remaining contentions have been rendered academic by this determination. Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.