■ In the Matter of ISIAH FF. and Another, Children Alleged to be Permanently Neglected. ALBANY COUNTY DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES, Respondent; SHIRLENE GG., Appellant. [837 NYS2d 417]—

Carpinello, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered January 4, 2006, which, inter alia, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment, and terminated respondent's parental rights.

Respondent is the mother of two children who were adjudicated to be permanently neglected in 2003. A suspended judgment was entered at that time and subsequently extended. In January 2005, this proceeding was commenced seeking to revoke the suspended judgment on the ground that respondent violated various conditions of it. Following a hearing at which respondent elected to proceed pro se, Family Court found that she violated the suspended judgment, revoked that judgment and terminated her parental rights. This appeal ensued.

Respondent raises two issues on appeal. First, she claims that Family Court failed to fully advise her of her statutory right to counsel on the violation petition in violation of Family Ct Act § 262 (a). Since the record quite clearly establishes that the same assigned attorney who had been appointed to represent respondent in connection with the permanent neglect petition continued to represent her on the violation petition (until she elected to proceed pro se, at which time this attorney continued to represent her in an advisory capacity), her claim that Family Court failed to advise her of the right to counsel is patently without merit (see generally Matter of Delafrange v Delafrange, 24 AD3d 1044, 1045-1046 [2005], lv denied 8 NY3d 809 [2007]; Matter of Fralix v Thornock, 9 AD3d 890 [2004]).

Respondent next claims that Family Court erred in permitting her to proceed pro se at the violation hearing. As noted by this Court, "[t]he decision to permit a party who is entitled to counsel to proceed pro se must be supported by a showing on the record of a knowing, voluntary and intelligent waiver of the right to counsel" (Matter of Anthony K., 11 AD3d 748, 749 [2004]; accord Matter of Hassig v Hassig, 34 AD3d 1089, 1091 [2006]; Matter of David VV., 25 AD3d 882, 883-884 [2006]). Here, before permitting respondent to so proceed, Family Court questioned her about her education and work experience, as well as took judicial notice of her "hundreds of court appear-

ances" in the preceding eight to nine-year period through which she would have gained ample familiarity with court proceedings (*cf. Matter of Hassig v Hassig, supra* at 1091). The court also admonished her that proceeding pro se was a "misjudgment" and further directed her assigned attorney to continue in the case and provide assistance in an advisory capacity, which he did. Under these circumstances, we are unpersuaded by respondent's argument that Family Court erred in permitting her to proceed without an attorney (*see Matter of Anthony K., supra* at 749-750).

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.