■ In the Matter of KRISTIN R.H., Appellant, v ROBERT E.H., Respondent. [851 NYS2d 788]—

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered July 10, 2007 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted respondent custody of the parties' children, with visitation to petitioner.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Chautauqua County, for a new hearing in accordance with the following memorandum: Petitioner mother appeals from an order granting respondent father custody of the parties' two children, with visitation to the mother. We agree with the mother that she was denied the right to assistance of counsel at the custody hearing inasmuch as Family Court failed to obtain her valid waiver of the right to counsel before it allowed her to proceed pro se. The mother was assigned counsel at an earlier stage of the proceedings but, on the day of the custody hearing, her assigned counsel renewed his motion to withdraw, and the motion was granted upon the mother's consent. The court denied the mother's request for an adjournment and immediately commenced the hearing, with the mother proceeding pro se.

A parent has "the right to the assistance of counsel" in a custody proceeding (Family Ct Act § 262 [a] [v]). Although that right may be waived and the parent may proceed pro se, the record must indicate that the waiver was knowing, voluntary and intelligent (see Matter of Hassig v Hassig, 34 AD3d 1089, 1090-1091 [2006]; see also Matter of Jetter v Jetter, 43 AD3d 821 [2007]; Matter of Anthony K., 11 AD3d 748, 749 [2004]). Thus, the parent must have "a sufficient awareness of the relevant circumstances and probable consequences of the waiver" (Matter of Evan F., 29 AD3d 905, 907 [2006]), and the waiver "cannot rest upon cursory comments, but must be supported by a 'searching inquiry' " (Anthony K., 11 AD3d at 749, quoting People v Arroyo, 98 NY2d 101, 103 [2002]). Here, the court relieved counsel after asking the mother only whether she had any objection to counsel's motion to withdraw. We conclude that the court's single question did not constitute the requisite searching inquiry to enable the court to ascertain whether the mother understood the dangers and disadvantages of self-representation (see Jetter, 43 AD3d 821 [2007]; Hassig, 34 AD3d at 1091; cf. Anthony K., 11 AD3d at 749-750). We therefore reverse the order and remit the matter to Family Court for a new hearing before a different judge.

In light of our determination, we do not reach the mother's remaining contentions. Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.