■ In the Matter of TANYA T. McD., Respondent, v TIMOTHY E.D., Appellant. [879 NYS2d 331]—

Order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about January 18, 2008, which, upon a finding that respondent father was in willful violation of a child support order, committed him to the New York City Department of Correction for a term of six months to be served on weekends only, unanimously reversed, on the law, without costs, and the petition dismissed.

We reach the father's contention that he was deprived of his right to counsel at the hearing that resulted in the issuance of the order of commitment, even though the father's jail term has ended (*see Matter of Bickwid v Deutsch*, 87 NY2d 862, 863 [1995]; *Matter of Michelle F.F. v Edward J.F.*, 50 AD3d 348, 349 [2008], *lv denied* 11 NY3d 708 [2008]). Since the proceeding was one that could and did result in the loss of physical liberty, the father had both a constitutional and statutory right to have as-

signed counsel (*see Matter of Broome County Dept. of Social Servs. v Basa*, 56 AD3d 1092, 1093-1094 [2008]; *Matter of Er-Mei Y.*, 29 AD3d 1013, 1015 [2006]; Family Ct Act § 262 [a] [vi]). Furthermore, the fact-finding order and recommendation of the Support Magistrate specifically states that the father invoked his right to counsel, and that the matter proceeded notwithstanding the unavailability of counsel for assignment.

Under the circumstances presented, no further proceedings are warranted inasmuch as the appeal is from an order of commitment which has already been served. Concur—Tom, J.P., Saxe, Sweeny, Acosta and Abdus-Salaam, JJ.