In the Matter of DEON M., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VERNON B., Appellant. [891 NYS2d 817]—

Memorandum: Respondent father appeals from an order finding that he permanently neglected his son and terminating his parental rights with respect to his son. We agree with the father that reversal is required because Family Court deprived him of his fundamental right to counsel. On the scheduled date of the fact-finding hearing, the father appeared with his assigned counsel. The father's attorney advised the court that the father "no longer wishe[d] for [him] to proceed as [the father's] attorney." The court responded, "[t]hen I hope he went to law school while he was locked up in jail because you have a trial today . . . ." When the father attempted to speak, the court cut him off after he had spoken only five words, and the court stated, "[t]oo bad. I'm not adjourning it." The court then granted the motion of the father's attorney to withdraw as counsel for the father, whereupon the court stated that the father could "retain himself then." The court conducted the fact-finding hearing, and the father did not cross-examine the single witness presented by petitioner, nor did he call any witnesses.

Pursuant to Family Court Act § 262 (a) (iii), a respondent in a proceeding pursuant to Family Court Act article 6 "has the right to the assistance of counsel . . . The deprivation of a party's fundamental right to counsel is a denial of due process and requires reversal, without regard to the merits of the unrepresented party's position" (*Matter of Evan F.*, 29 AD3d 905, 906 [2006]; *see Matter of Casey N.*, 59 AD3d 625, 627 [2009], *lv denied* 12 NY3d 710 [2009]; *Matter of David VV.*, 25 AD3d 882, 883-884 [2006]). Although a party may proceed pro se, "[a] court's decision to permit a party who is entitled to counsel to proceed pro se must be supported by a showing on the record of a knowing, voluntary and intelligent waiver of [the right to counsel]" (*David VV.*, 25 AD3d at 884; *see Casey N.*, 59 AD3d at 627; *Matter of Kristin R.H. v Robert E.H.*, 48 AD3d 1278 [2008]; *Evan F.*, 29 AD3d at 907). In order for the court to ensure that the waiver of the right to counsel is valid, "the court must

conduct a 'searching inquiry' of [the] party . . . [, and] there must be a showing that the party 'was aware of the dangers and disadvantages of proceeding without counsel' " (*Casey N.*, 59 AD3d at 627; *see Kristin R.H.*, 48 AD3d at 1279).

Where, as here, the court fails to conduct a searching inquiry, reversal is required (*see e.g. Casey N.*, 59 AD3d at 629-630; *Kristin R.H.*, 48 AD3d at 1279; *Evan F.*, 29 AD3d at 907; *David VV.*, 25 AD3d at 884-885; *cf. Matter of Isiah FF.*, 41 AD3d 900, 901-902 [2007]; *Matter of Anthony K.*, 11 AD3d 748, 749-750 [2004]). We therefore reverse the order and remit the matter to Family Court for a new hearing. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.