In the Matter of COMMISSIONER OF GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of NAKEETA GIBSON, Respondent, v JERRELL J.T. JONES, Appellant. [929 NYS2d 907]—

Memorandum: Respondent father appeals from an order confirming the Support Magistrate's determination that he willfully failed to obey an order of Family Court and sentencing him to six months in jail. We agree with the father that the court erred in allowing him to proceed pro se at the confirmation hearing.

"A person who faces the possibility of imprisonment stemming from the willful violation of a previous order of the court has the right to the assistance of counsel" (*Matter of Scott v Scott*, 62 AD3d 714, 715 [2009]; *see* Family Ct Act § 262 [a] [vi]; *Matter of Tanya T. McD. v Timothy E.D.*, 63 AD3d 423 [2009]; *Matter of Keenan v Keenan*, 51 AD3d 1075, 1077 [2008]). "The deprivation of a party's fundamental right to counsel is a denial of due process and requires reversal, without regard to the merits of the unrepresented party's position . . . Although a party may proceed pro se, [a] court's decision to permit a party who is entitled to counsel to proceed pro se must be supported by a showing on the record of a knowing, voluntary and intelligent waiver of [the right to counsel] . . . In order for the court

to ensure that the waiver of the right to counsel is valid, the court must conduct a searching inquiry of [the] party . . . [, and] there must be a showing that the party was aware of the dangers and disadvantages of proceeding without counsel" (*Matter of Deon M. [Vernon B.]*, 68 AD3d 1740, 1741-1742 [2009] [internal quotation marks omitted]; *see Matter of Kathleen K. [Steven K.]*, 17 NY3d 380 [2011]; *Matter of Casey N.*, 59 AD3d 625, 627-628 [2009], *lv denied* 12 NY3d 710 [2009]). "Where, as here, the court fails to conduct a searching inquiry, reversal is required" (*Deon M.*, 68 AD3d at 1742). We therefore reverse the order and remit the matter to Family Court for a new hearing. Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.