# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

870

CAF 10-02365

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF COMMISSIONER OF GENESEE COUNTY
DEPARTMENT OF SOCIAL SERVICES, ON BEHALF OF
NAKEETA GIBSON, PETITIONER-RESPONDENT,

                    V                           MEMORANDUM AND ORDER

JERRELL J.T. JONES, RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, BUFFALO, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered November 9, 2010 in a proceeding pursuant to Family Court Act article 4. The order committed respondent to the Genesee County Jail for a period of six months.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Genesee County, for a new hearing.

Memorandum: Respondent father appeals from an order confirming the Support Magistrate's determination that he willfully failed to obey an order of Family Court and sentencing him to six months in jail. We agree with the father that the court erred in allowing him to proceed pro se at the confirmation hearing.

"A person who faces the possibility of imprisonment stemming from the willful violation of a previous order of the court has the right to the assistance of counsel" (*Matter of Scott v Scott*, 62 AD3d 714, 715; *see* Family Ct Act § 262 [a] [vi]; *Matter of Tanya T. McD. v Timothy E.D.*, 63 AD3d 423; *Matter of Keenan v Keenan*, 51 AD3d 1075, 1077). "The deprivation of a party's fundamental right to counsel is a denial of due process and requires reversal, without regard to the merits of the unrepresented party's position . . . Although a party may proceed pro se, [a] court's decision to permit a party who is entitled to counsel to proceed pro se must be supported by a showing on the record of a knowing, voluntary and intelligent waiver of [the right to counsel] . . . In order for the court to ensure that the waiver of the right to counsel is valid, the court must conduct a searching inquiry of [the] party . . .[, and] there must be a showing that the party was aware of the dangers and disadvantages of proceeding without counsel" (*Matter of Deon M.*, 68 AD3d 1740, 1741-1742 [internal quotation marks omitted]; *see Matter of Kathleen K.*, 17 NY3d 380; *Matter of Casey N.*, 59 AD3d 625, 627-628, *lv denied* 12 NY3d 710, 710). "Where, as here, the court fails to conduct a searching

inquiry, reversal is required" (*Deon M.*, 68 AD3d at 1742).  We therefore reverse the order and remit the matter to Family Court for a new hearing.