Egan Jr., J.
Respondent is the father of Trinity CC. (born in 2007) and the uncle of Tavious CC. and Tavianna CC. (born in 1998 and 2000, respectively).[1] On the afternoon of September 17, 2009, and while in the presence of all three children, respondent became embroiled in a domestic dispute with Trinity’s mother. *1133 Later that evening, various law enforcement officials were dispatched to respondent’s residence in the Town of Argyle, Washington County to make an arrest. Following a brief standoff, during which time Tavious and Tavianna were asleep inside the residence, respondent was taken into custody and charged with endangering the welfare of a child and harassment in the second degree. Respondent was arraigned and released, and a no-contact order of protection, which respondent violated the following morning, was entered in favor of Trinity and her mother.
Based upon events that unfolded during the course of his arrest for the domestic dispute, respondent was indicted and charged in October 2009 with, insofar as is relevant here, criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree and criminal contempt in the second degree. Following a jury trial, respondent was convicted of these charges and an aggregate prison term of six years was imposed.[2]
In the interim, petitioner commenced this proceeding pursuant to Family Ct Act article 10 alleging that respondent neglected all three children by failing to maintain a safe and adequate home and engaging in domestic violence. Following respondent’s criminal conviction, petitioner moved for summary judgment and, after numerous adjournments, Family Court granted petitioner’s application and adjudicated all three children to be neglected.[3] Respondent now appeals, contending that Family Court erred in granting petitioner’s motion for summary judgment and, further, in allowing him to proceed pro se.
We affirm. Although infrequently invoked, summary judgment nonetheless remains an appropriate procedural device to be utilized in a Family Ct Act article 10 proceeding where no triable issues of fact exist (see Matter of Jadalynn HH. [Roy HH.], 93 AD3d 1112, 1113 [2012]; Matter of Julianne XX., 13 AD3d 1031, 1031-1032 [2004]). To that end, “[a] criminal conviction may be given collateral estoppel effect in a Family Court proceeding where (1) the identical issue has been resolved, and (2) the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct” (Matter of Doe, 47 AD3d 283, 285 [2007], lv denied 10 NY3d 709 [2008]; accord Matter of Ajay P., 60 AD3d 681, 683 [2009]; see *1134 Matter of Jewelisbeth JJ. [Emmanuel KK.], 97 AD3d 887, 888 [2012]).
Preliminarily, respondent does not dispute that he had a full and fair opportunity to litigate his conduct during the course of his criminal trial and, despite his protestations to the contrary, it is readily apparent that the allegations of neglect and respondent’s subsequent criminal convictions “arose out of the same incident” (Matter of Laurali M., 248 AD2d 983 [1998]; cf. Matter of Kali-Ann E., 27 AD3d 796, 798 [2006], lv denied 7 NY3d 704 [2006] [criminal convictions “involved acts that fell within the general allegations of the (neglect) petition”]).
In support of its motion for summary judgment, petitioner tendered the petition and supporting affidavits from its caseworker, the underlying incident report, the supporting deposition given by Trinity’s mother and the resulting order of protection, as well as the indictment and sentence and commitment order. Such proof, in our view, established the required identity of issue and “factual nexus between the [underlying criminal] conviction and the allegations made in the neglect petition” (Matter of Jewelisbeth JJ., 97 AD3d at 888), thereby demonstrating petitioner’s entitlement to summary judgment. In opposition, respondent offered nothing more than conclusory denials of wrongdoing and unsubstantiated assertions of coercion, which were insufficient to raise a question of fact. Accordingly, petitioner’s motion for summary judgment was properly granted.
Respondent’s further assertion — that Family Court erred in permitting him to proceed pro se — is equally lacking in merit. To be sure, “[t]he decision to permit a party who is entitled to counsel to proceed pro se must be supported by a showing on the record of a knowing, voluntary and intelligent waiver of the right to counsel” (Matter of Anthony K., 11 AD3d 748, 749 [2004]; accord Matter of Isiah FF., 41 AD3d 900, 901 [2007]). “Although it is preferable that the court’s determination be made following an appropriate colloquy with the party on the record, it may also be made upon an examination of all the potential relevant circumstances” (Matter of Bombard v Bombard, 254 AD2d 529, 530 [1998] [citation omitted], lv denied 93 NY2d 804 [1999]; see Matter of Hassig v Hassig, 34 AD3d 1089, 1091 [2006]; see also Hughes v Gallup-Hughes, 90 AD3d 1087, 1088 [2011]).
At the time that respondent elected to proceed pro se, he had been represented by counsel for almost one year, during which time he appeared before Family Court on numerous occasions in connection with both the neglect proceeding and the related *1135 custody matters; as such, respondent was fully familiar with the nature of the underlying proceedings. Notably, respondent drafted and filed a pro se motion to dismiss the neglect petition and, one day after his request to proceed pro se was granted, respondent filed a cogent — albeit ultimately unsuccessful — affidavit in opposition to petitioner’s motion for summary judgment. Shortly thereafter, respondent commenced a separate negligence action against petitioner seeking $100 million in damages. Additionally, the record reflects that this neglect proceeding spanned more than IV2 years (from September 2009 to May 2011), during which time Family Court repeatedly advised respondent of his right to counsel (cf. Matter of James Joseph M. v Rosana R., 32 AD3d 725, 727 [2006], lv denied 7 NY3d 717 [2006]) and granted respondent various adjournments (compare Matter of Deon M. [Vernon B.], 68 AD3d 1740, 1741 [2009]; Matter of Kristin R.H. v Robert E.H., 48 AD3d 1278, 1279 [2008]), and respondent, in turn, repeatedly reiterated his desire to represent himself. Accordingly, even though Family Court arguably could have engaged in a more expansive colloquy prior to granting respondent’s request to proceed pro se, we nonetheless are satisfied, upon due consideration of all the attendant circumstances (see Bombard v Bombard, 254 AD2d at 530), that respondent’s waiver of the right to counsel was knowing, intelligent and voluntary (compare Matter of Deon M. [Vernon B.], 68 AD3d at 1741; Matter of Kristin R.H. v Robert E.H., 48 AD3d at 1279).
Peters, PJ., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

. Tavious and Tavianna were placed with respondent pursuant to the Interstate Compact on the Placement of Children (see Social Services Law § 374-a) and, for purposes of this proceeding, respondent was the person legally responsible for their care (see Family Ct Act § 1012 [g]; Social Services Law § 412 [3]).

. Upon respondent’s appeal of his criminal conviction, this Court affirmed.

. By the time of the dispositional hearing, only Tavious remained in petitioner’s custody, as Trinity was in the custody of her mother and Tavianna was in the custody of her father.