█ KATHY TUN, Respondent, v ROCKY AW, Appellant. [782 NYS2d 96]—

In a matrimonial action in which the parties were divorced by judgment entered July 28, 1997, the defendant appeals from an order of the Supreme Court, Richmond County (Ponterio, J.), dated March 27, 2003, entered upon his default in appearing at a hearing held following the denial of his request for an adjournment, which, inter alia, granted stated portions of the plaintiff's motion, among other things, for an award of child support and maintenance arrears.

Ordered that the appeal from the order is dismissed except insofar as it brings up for review the denial of the defendant's request for an adjournment (*see* CPLR 5511; *Katz v Katz*, 68 AD2d 536 [1979]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

At a hearing held on the plaintiff's motion, inter alia, for an award of child support and maintenance arrears, the defendant failed to appear and his attorney appeared for the limited purpose of requesting an adjournment. After an adjournment

was denied, the defendant's attorney repeatedly refused to further participate in the proceedings and sought permission to leave the courtroom. Thus, the relief awarded the plaintiff challenged on appeal was granted upon the defendant's default. However, notwithstanding the prohibition set forth in CPLR 5511 against an appeal from an order or judgment entered upon the default of the appealing party, the appeal from the order brings up for review those "matters which were the subject of contest" before the Supreme Court, namely, the denial of the defendant's request for an adjournment (*James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *see also Matter of Vidal v Mintzer*, 309 AD2d 756 [2003]; *Lewis v Lewis*, 183 AD2d 875 [1992]; *O'Donnell v O'Donnell*, 172 AD2d 654 [1991]; *Katz v Katz*, 68 AD2d 536 [1979]). Here, the Supreme Court providently exercised its discretion in denying the defendant's request for an adjournment (*see Matter of Anthony M.*, 63 NY2d 270 [1984]; *Matter of Kagno v Kagno*, 296 AD2d 410 [2002]). Prudenti, P.J., Ritter, H. Miller and Adams, JJ., concur.