# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1457**

**CAF 11-02003**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

IN THE MATTER OF ELIZABETH STORELLI,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTHONY STORELLI, RESPONDENT-APPELLANT.

---

LEAH K. BOURNE, ROCHESTER, FOR RESPONDENT-APPELLANT.

WILLIAM K. TAYLOR, COUNTY ATTORNEY, ROCHESTER (ALECIA J. SPANO OF COUNSEL), FOR PETITIONER-RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered September 15, 2011 in a proceeding pursuant to Family Court Act article 4. The order, among other things, determined that respondent was in willful violation of a child support order

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Monroe County, for a new hearing.

Memorandum: Respondent appeals from an order determining that he was in willful violation of a child support order and sentencing him to six months' incarceration. We note at the outset that respondent's appeal is not moot. "Inasmuch as enduring consequences potentially flow from an order adjudicating a party in civil contempt, an appeal from that order is not rendered moot simply because the resulting prison sentence has already been served" (*Matter of Bickwid v Deutsch*, 87 NY2d 862, 863).

We agree with respondent that he was denied his right to counsel at the hearing before the Support Magistrate to determine whether he was in willful violation of the support order. "Although a party may proceed pro se, [a] court's decision to permit a party who is entitled to counsel to proceed pro se must be supported by a showing on the record of a knowing, voluntary and intelligent waiver of the [right to counsel] . . . In order for the court to ensure that the waiver of the right to counsel is valid, the court must conduct a searching inquiry of [the] party . . . [, and] there must be a showing that the party was aware of the dangers and disadvantages of proceeding without counsel" (*Matter of Commissioner of Genesee County Dept. of Social Servs. v Jones*, 87 AD3d 1275, 1275-1276 [internal quotation marks omitted]). The record establishes that respondent advised the Support Magistrate that he had spoken to a person at the Public Defender's

Office and expected an attorney to be at the hearing.  The Support Magistrate reminded respondent that he stated at the initial appearance that he would be representing himself.  When asked by the Support Magistrate whether he was prepared to go forward with the hearing, respondent replied "Well, I guess I am."  " 'Where, as here, the court fails to conduct a searching inquiry, reversal is required' " (*id.* at 1276).  We therefore reverse the order and remit the matter to Family Court for a new hearing.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court