# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**977**

**CA 13-00146**

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

CARMEN BRITT AND CARMEN BRITT, AS EXECUTOR OF
THE ESTATE OF LULA BAITY, DECEASED,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BUFFALO MUNICIPAL HOUSING AUTHORITY, ELAINE
GARBE, BISILOLA F. JACKSON, AS ADMINISTRATOR OF
THE ESTATE OF JERELENE ELIZABETH GIWA, DECEASED,
GRACE MANOR HEALTH CARE FACILITY, INC., DAVID J.
GENTNER, MARY STEPHAN, KATHY RANDALL, TIFFANY
MATTHEWS, AND PHILLIP J. RADOS, M.D.,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

LAW OFFICE OF FRANK S. FALZONE, BUFFALO (RONALD P. HART OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

COLUCCI & GALLAHER, P.C., BUFFALO (JOHN J. MARCHESE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS BUFFALO MUNICIPAL HOUSING AUTHORITY, ELAINE
GARBE, AND BISILOLA F. JACKSON, AS ADMINISTRATOR OF THE ESTATE OF
JERELENE ELIZABETH GIWA, DECEASED.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (ELIZABETH G. ADYMY OF
COUNSEL), FOR DEFENDANT-RESPONDENT PHILLIP J. RADOS, M.D.

FELDMAN KIEFFER, LLP, BUFFALO (ADAM C. FERRANDINO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS GRACE MANOR HEALTH CARE FACILITY, INC., DAVID
J. GENTNER, MARY STEPHAN, KATHY RANDALL AND TIFFANY MATTHEWS.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 18, 2012. The order granted the respective motion and cross motions of defendants for summary judgment dismissing the second amended complaint.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: Plaintiff appeals from an order granting the respective motion and cross motions of defendants seeking summary judgment dismissing the second amended complaint against them. It is undisputed that plaintiff failed to oppose the motion and cross motions or to appear on the return date thereof, and thus we deem the order to be entered upon plaintiff's default (*see generally Armele v*

*Moose Intl.*, 302 AD2d 986, 987).  We therefore dismiss the appeal from the order inasmuch as no appeal lies from an order entered on default (*see* CPLR 5511; *Calaci v Allied Interstate, Inc.* [appeal No. 2], 108 AD3d 1127, 1128; *Putrino-Weiser v Sharf*, 272 AD2d 894, 894).  The fact that Supreme Court, upon plaintiff's default, granted the motion and cross motions on the merits and on the grounds of res judicata and collateral estoppel is of no moment inasmuch as no appeal lies from an order entered on default.  "[I]t is not inconsistent to determine both that plaintiff[ is] in default and that defendants are entitled to summary judgment on the merits.  Plaintiff['s] remedy is to move to vacate the default [order]" (*Putrino-Weiser*, 272 AD2d at 895).

We note, however, that the appeal from the final order brings up for our review "matters which were the subject of contest" before the court (*James v Powell*, 19 NY2d 249, 256 n 3; *see Lewis v Lewis*, 183 AD2d 875, 875; *cf. Tun v Aw*, 10 AD3d 651, 651-652), i.e., the propriety of the nonfinal order granting the respective cross motions of defendants seeking leave to amend their answers to allege the affirmative defenses of res judicata and collateral estoppel.  Inasmuch as the amended answers alleged new affirmative defenses that served as one of the two bases for the final order granting the motion and cross motions for summary judgment, the nonfinal order "necessarily affect[s] the final [order]" (*Oakes v Patel*, 20 NY3d 633, 645).  We agree with plaintiff that the court abused its discretion in granting those parts of the cross motions with respect to the affirmative defense of res judicata.  The cross motions seeking leave to amend the respective answers were based upon the dismissal of a federal court action arising from the underlying facts at issue here, namely, the alleged wrongful removal of plaintiff's decedent from her home for medical treatment and the alleged continued wrongful confinement of plaintiff's decedent.  Because the federal court did not exercise its pendent jurisdiction over the related state law claims, but instead dismissed those claims without prejudice, the ultimate dismissal of the federal action did not have res judicata effect with respect to the instant action (*see McLearn v Cowen & Co.*, 60 NY2d 686, 688; *cf. Troy v Goord*, 300 AD2d 1086, 1087).  We nevertheless conclude that, because the court granted defendants summary judgment on a ground other than res judicata, i.e., on the merits, and that order entered on default is not properly before us on appeal (*see* CPLR 5511), there is no action pending and thus "a favorable ruling would not entitle [plaintiff] to any particular relief" (*Matter of Ameillia R.R. [Megan SS.]*, 95 AD3d 1525, 1526).  We therefore dismiss the appeal as moot insofar as it brings up for review the prior nonfinal order granting defendants' respective cross motions for leave to amend their answers.

Finally, plaintiff relies on matters outside of the record on appeal in support of the contention in her brief that the court abused its discretion in denying her request for an adjournment of the return date of defendants' motion and cross motions seeking summary judgment,

and thus it is not properly before us (*cf. Tun*, 10 AD3d at 651-652).