# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**149**
**CAF 15-00153**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF MINDY S. GIRARD,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

WILLIAM R. NEVILLE, RESPONDENT-APPELLANT.

---

LISA DIPOALA HABER, SYRACUSE, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Oswego County (Donald E. Todd, A.J.), entered March 18, 2014. The order, among other things, adjudged that respondent had willfully failed to obey a court order and placed respondent on probation for a period of three years.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Oswego County, for further proceedings in accordance with the following memorandum: Respondent appeals from an order confirming the determination of the Support Magistrate that he willfully violated an order of child support and sentencing him to three years of probation. Although the Support Magistrate properly advised respondent that he had the right to counsel (*see* Family Ct Act § 262 [a] [vi]), we agree with respondent that the Support Magistrate failed to make a " 'searching inquiry' " to ensure that his waiver of the right to counsel was a knowing, voluntary and intelligent choice, and thus that he was denied his right to counsel (*Matter of Storelli v Storelli*, 101 AD3d 1787, 1788; *see Matter of Commissioner of Genesee County Dept. of Social Servs. v Jones*, 87 AD3d 1275, 1275-1276). We therefore reverse the order and remit the matter to Family Court for a new hearing. To the extent that our decision in *Matter of Huard v Lugo* (81 AD3d 1265, 1266, *lv denied* 16 NY3d 710) requires preservation of a contention that the Support Magistrate erred in allowing the respondent to proceed pro se at a fact-finding hearing, that decision is no longer to be followed. In light of our determination, we do not review respondent's remaining contentions.

Entered:  March 18, 2016                          Frances E. Cafarell
                                                  Clerk of the Court