# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**272**
**CAF 14-02008**
PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

IN THE MATTER OF LUCILLE A. SOLDATO,
COMMISSIONER, ONEIDA COUNTY DEPARTMENT
OF SOCIAL SERVICES, ON BEHALF OF
APRIL M. DAVIS, PETITIONER-RESPONDENT,

V                                                MEMORANDUM AND ORDER

JASON J. CARINGI, RESPONDENT-APPELLANT.

---

MARY R. HUMPHREY, NEW HARTFORD, FOR RESPONDENT-APPELLANT.

TRACY L. PUGLIESE, ROME, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered October 31, 2014 in a proceeding pursuant to Family Court Act article 4. The order, among other things, confirmed the Support Magistrate's determination that respondent had willfully failed to obey a court order.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Oneida County, for a new hearing.

Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent father appeals from an order finding him in willful violation of a child support order and imposing a suspended sentence of six months of incarceration. We agree with the father that he was denied his right to counsel at the hearing before the Support Magistrate to determine whether he was in willful violation of the support order, and we reject petitioner's contention that the issue requires preservation (*see Matter of Girard v Neville*, ___ AD3d ___ [Mar. 18, 2016]).

At the parties' initial appearance, the Support Magistrate informed the father only that he had "the right to hire a lawyer [or] talk for [himself]," asked the father to choose between those options, and conducted no further inquiry when the father chose to proceed pro se. The Support Magistrate thus failed to inform the father of his right to have counsel assigned if he could not afford to retain an attorney (*see* Family Ct Act § 262 [a] [vi]; *Matter of Wilder v Bufe*, 25 AD3d 827, 828), and also failed to engage the father in the requisite searching inquiry concerning his decision to proceed pro se and thereby ensure that the father was knowingly, intelligently and voluntarily waiving his right to counsel (*see Girard*, ___ AD3d at ___;

*Matter of Storelli v Storelli*, 101 AD3d 1787, 1788; *see generally Matter of Seifert v Pastwick*, 118 AD3d 1503, 1504).  We therefore reverse the order and remit the matter to Family Court for a new hearing (*see Storelli*, 101 AD3d at 1788).  In light of our determination, we do not reach the father's remaining contention.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court