# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**708.1**

**CAE 16-01451**

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF PATRICE ATWOOD, ET AL.,
PETITIONERS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

MARKIETH PRIDGEN, ET AL., RESPONDENTS,
MAURICE MCCRAY AND SAMUEL DAVIS,
RESPONDENTS-APPELLANTS.

---

PETER A. REESE, BUFFALO, FOR RESPONDENTS-APPELLANTS.

JEROME D. SCHAD, WILLIAMSVILLE, AND MURPHY MEYERS LLP, ORCHARD PARK
(REBECCA HOFFMAN OF COUNSEL), FOR PETITIONERS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered August 17, 2016 in a proceeding pursuant to Election Law article 16. The order, among other things, granted petitioners default relief against respondents Samuel Davis and Maurice McCray.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this special proceeding pursuant to Election Law article 16 seeking to invalidate the designating petitions of various respondents who sought to be designated as candidates for the party office of Member of the Erie County Democratic Committee in the September 13, 2016 primary. Petitioners moved to strike the answer of respondents on the ground that it was unverified. One week later, Supreme Court accepted an amended verified answer of respondents, but it was still not verified by respondents Samuel Davis and Maurice McCray. The court therefore granted default relief to petitioners against Davis and McCray. The court also denied respondents' motion to dismiss the petition on the ground of improper joinder. At a subsequent appearance another week later, respondents offered the verification of Davis and asked the court to reconsider its earlier default ruling, which it declined to do. The court issued its order encompassing its decisions, and Davis and McCray now appeal.

As a preliminary matter, we note that, despite the court's determination that Davis and McCray were in default, we reach the merits of the issues they raise on appeal inasmuch as those issues were "the subject of contest below" (*James v Powell*, 19 NY2d 249, 256

n 3, *rearg denied* 19 NY2d 862).

We reject the contention of Davis and McCray that petitioners improperly joined respondents in one proceeding.  All respondents were candidates for the same office, and petitioners sought to invalidate their designating petitions based on fraud, error, and misrepresentation in the collection of signatures on designating petitions.  We agree with the court that there existed "the same . . . series of transactions or occurrences," and there were "common question[s] of law or fact" (CPLR 1002 [b]), thus making joinder of respondents permissible.

We reject the further contention of Davis and McCray that the answer did not need to be verified.  A special proceeding pursuant to Election Law article 16 must be brought by a verified petition (*see* Election Law § 16-116; *Matter of Goodman v Hayduk*, 45 NY2d 804, 806), which in turn demands a verified answer (*see* CPLR 3020 [a]).  The court did not abuse its discretion in refusing to allow Davis to correct the defect at a later appearance.  Election Law proceedings have strict time deadlines, and the court had already permitted respondents to amend their verified answer to correct omissions in the initial verification.

Entered:  September 7, 2016                      Frances E. Cafarell
                                                Clerk of the Court