Pritzker, J.
 

 Appeal from an order of the Supreme Court (Rowley, J.), entered November 19, 2015 in Tompkins County, which granted defendant custody of the parties’ child.
 

 The sole issue on appeal is whether Supreme Court, in a consolidated custody and divorce matter, erred in permitting plaintiff (the mother) to proceed without an attorney during a hearing to determine custody of and visitation with the parties’ child. The hearing commenced in October 2014, at which time plaintiff was represented by counsel. The hearing was not concluded and was adjourned until April 2015. Two weeks prior to the scheduled hearing, plaintiff and her counsel both wrote to the court asking that counsel be removed due to a breakdown in their relationship and for an adjournment so that, among other reasons, plaintiff could retain new counsel. Following an inquiry by the court at the April 2015 hearing, the court allowed plaintiff to proceed pro se. As such, she represented herself during the three remaining hearing days. Through a final order of custody, Supreme Court granted defendant (the father) sole legal and physical custody of the child and awarded plaintiff supervised parenting time. Plaintiff appeals.
 

 When determining whether to allow a party to proceed pro se, the trial court, “[i]f a timely and unequivocal request has been asserted, ... is obligated to conduct a searching inquiry to ensure that the [individual’s] waiver is knowing, intelligent, and voluntary” (Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385 [2011] [internal quotation marks and citations omitted]; see Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365, 373 [2008]). There is no requirement that the court follow a specific formula in assessing the voluntariness of the waiver; “rather, the record need only demonstrate that the [individual] was aware of the dangers and disadvantages of proceeding without counsel” (Matter of Lillian SS. [Brian SS.], 146 AD3d 1088, 1095 [2017] [internal quotation marks and citations omitted], lvs denied 29 NY3d 992, 919 [2017]; see Matter of Dixon v Marshall, 151 AD3d 965, 966 [2017]).
 

 Although plaintiff’s letter to Supreme Court only asked for time to find a private attorney, when the court inquired as to whether she wished to be her own counsel, plaintiff was clear that she wished to proceed pro se and that she felt she was able to represent herself. Supreme Court, in turn, made it clear to plaintiff that, by proceeding without counsel, she would be held to the same rules of evidence as an attorney, that many people who proceed pro se ultimately are unsuccessful and that she would risk losing custody of her child due to her lack of legal knowledge. Despite this, plaintiff insisted that, after having had five attorneys, she believed that she would be able to provide herself the best possible defense and that she wished to proceed pro se. In fact, plaintiff appeared for the April 2015 hearing prepared to proceed with evidence that she was seeking to admit, as well as a list of witnesses that she wanted to subpoena. Under these circumstances, Supreme Court’s inquiry was sufficient to advise plaintiff of the dangers of proceeding without counsel (see Matter of Tavianna CC. [Maceo CC.], 99 AD3d 1132, 1135 [2012], lv denied 20 NY3d 856 [2013]) and to determine that she made a knowing, voluntary and intelligent choice to proceed pro se (see Matter of Anthony K., 11 AD3d 748, 749 [2004]).
 

 Peters, P.J., Egan Jr., Devine and Mulvey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.