Villella v Villella (2018 NY Slip Op 07917)





Villella v Villella


2018 NY Slip Op 07917


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1254 CA 17-01135

[*1]ANTONELLA VILLELLA, PLAINTIFF-RESPONDENT,
v
RAFFAELE R. VILLELLA, DEFENDANT-APPELLANT. 






JENNIFER M. LORENZ, ORCHARD PARK, FOR DEFENDANT-APPELLANT. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered November 2, 2016. The order, among other things, determined that defendant owes plaintiff maintenance arrears, child support arrears and outstanding education and uninsured medical expenses. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Niagara County, for a new hearing.
Memorandum: Defendant father appeals from an order determining, inter alia, that he owes maintenance arrears, child support arrears, and outstanding education and uninsured medical expenses to plaintiff pursuant to a prior order of support. We agree with the father that he was denied his right to counsel at the hearing to determine whether he was in willful violation of the support order (see Family Ct Act
§ 262 [a] [vi]; Judiciary Law § 35 [8]). Supreme Court "failed to inform the father of his right to have counsel assigned if he could not afford to retain an attorney" (Matter of Soldato v Caringi, 137 AD3d 1749, 1749 [4th Dept 2016]), and failed to grant the father an adjournment at the outset of the second day of the hearing when he requested the assistance of counsel (see Matter of Hassig v Hassig, 34 AD3d 1089, 1090 [3d Dept 2006]). To the extent that the father thereafter chose to proceed pro se, the court also failed to "engage the father in the requisite searching inquiry concerning his decision to proceed pro se and thereby ensure that the father was knowingly, intelligently and voluntarily waiving his right to counsel" (Soldato, 137 AD3d at 1749; see Matter of Girard v Neville, 137 AD3d 1589, 1590 [4th Dept 2016]; Matter of Pugh v Pugh, 125 AD3d 663, 664 [2d Dept 2015]). We therefore reverse the order and remit the matter to Supreme Court for a new hearing. We decline to award the father appellate fees and costs.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court