Matter of DiNunzio v Zylinski (2019 NY Slip Op 06337)





Matter of DiNunzio v Zylinski


2019 NY Slip Op 06337


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND CURRAN, JJ.


716 CAF 17-01976

[*1]IN THE MATTER OF MICHAEL E. DINUNZIO, PETITIONER-RESPONDENT,
v
CHARLENE N. ZYLINSKI, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
HOGANWILLIG, PLLC, AMHERST (REBECCA M. KUJAWA OF COUNSEL), FOR PETITIONER-RESPONDENT. 
KELLY L. BALL, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Deanne M. Tripi, J.), entered January 25, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject child. 
It is hereby ORDERED that said appeal is dismissed except insofar as Charlene N. Zylinski challenges the validity of her waiver of the right to counsel, and the order is affirmed without costs.
Memorandum: Petitioner-respondent father commenced this proceeding pursuant to Family Court Act article 6 seeking, inter alia, an order granting him sole custody of the subject child, and respondent-petitioner mother thereafter filed several petitions seeking various forms of relief, including sole custody of the child. Between the commencement of these proceedings and the beginning of the hearing on the petitions, the mother was represented by a succession of attorneys. During the hearing on the petitions, the mother discharged her final attorney and ultimately proceeded pro se. Later in the hearing, the mother failed to return to the courtroom following a recess and did not appear for the remainder of the hearing. In appeal No. 1, the mother appeals from an order entered upon her default that, inter alia, granted the father sole custody of the child. In appeal Nos. 2-5, the mother appeals from orders, entered upon her default, dismissing her petitions. In appeal No. 6, the mother appeals from an order denying her motion to vacate the order in appeal No. 1.
The mother contends in appeal Nos. 1-5 that Family Court erred in failing to ensure, in response to her request to proceed pro se, that her waiver of the right to counsel was knowing, intelligent, and voluntary. Initially, we conclude that the mother's contention is reviewable on appeal from the orders in appeal Nos. 1-5 despite her default. CPLR 5511 provides, in relevant part, that "[a]n aggrieved party . . . may appeal from any appealable judgment or order except one entered upon the default of the aggrieved party." Thus, in general, "[n]o appeal lies from an order [or judgment] entered upon an aggrieved party's default" (Matter of Anita L. v Damon N., 54 AD3d 630, 631 [1st Dept 2008]; see Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1622 [4th Dept 2019]). Nevertheless, "notwithstanding the prohibition set forth in CPLR 5511 against an appeal from an order or judgment entered upon the default of the appealing party, the appeal from [such an] order [or judgment] brings up for review those matters which were the subject of contest' before the [trial court]" (Tun v Aw, 10 AD3d 651, 652 [2d Dept 2004], quoting James v Powell, 19 NY2d 249, 256 n 3 [1967], rearg denied 19 NY2d 862 [1967]; see Heavenly A., 173 AD3d at 1622).
The question here is whether the validity of the mother's waiver of her right to counsel [*2]constitutes a matter that was the subject of contest before the court. New York State law recognizes that "[p]ersons involved in certain family court proceedings may face the infringements of fundamental interests and rights, including the loss of a child's society . . . , and therefore have a constitutional right to counsel in such proceedings" (Family Ct Act § 261; see Carney v Carney, 160 AD3d 218, 224 [4th Dept 2018]). Parties entitled to counsel include, as pertinent here, any person seeking custody of his or her child or "contesting the substantial infringement of his or her right to custody of such child" (§ 262 [a] [v]). When determining whether a party may properly waive the right to counsel in favor of proceeding pro se, the trial court, "[i]f a timely and unequivocal request has been asserted, . . . is obligated to conduct a searching inquiry' to ensure that the [party's] waiver is knowing, intelligent, and voluntary" (Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385 [2011]; see e.g. Martinez v Gomez-Munoz, 154 AD3d 1085, 1085 [3d Dept 2017]; Matter of Girard v Neville, 137 AD3d 1589, 1590 [4th Dept 2016]). In other words, such a request for relief triggers the obligation of the court, which is permitted to grant the relief only upon "a showing on the record of a knowing, voluntary and intelligent waiver of the [right to counsel]" (Matter of Storelli v Storelli, 101 AD3d 1787, 1788 [4th Dept 2012] [internal quotation marks omitted]). For that reason, we conclude that such a request by a party to waive the right to counsel and proceed pro se, as the mother made here, places in issue whether the court fulfilled its obligation to ensure a valid waiver. Even beyond that, the record here supports the conclusion that whether the mother validly waived her right to counsel was a contested issue before the court. Specifically, the day after the court initially allowed the mother to proceed pro se, the father's attorney questioned whether the mother should be representing herself, and the court—making a record of its prior consideration of that issue—determined that it had appropriately warned the mother and that, despite the warning, the mother knowingly opted for self-representation. Based on the foregoing, we conclude that "[t]he issue of the mother's waiver of the right to counsel was the subject of contest before . . . [the c]ourt and, therefore, may be reviewed by this Court in [appeal Nos. 1-5]" (Matter of Graham v Rawley, 140 AD3d 765, 766-767 [2d Dept 2016], lv dismissed in part and denied in part 28 NY3d 955 [2016]).
The criticism of our conclusion in the first dissent (Curran, J.) is flawed. The central assertion of the first dissent is that the mother's challenge to the validity of her waiver of the right to counsel is not reviewable on appeal from the orders in appeal Nos. 1-5 because the mother "received precisely the relief she sought," i.e., permission to proceed pro se, and therefore is not aggrieved. That assertion misconstrues the issue on appeal. The mother, of course, does not and could not contend on appeal that the court erroneously denied the requested relief of proceeding pro se. Rather, she contends that the court erred in failing to ensure, in response to her request, that her waiver of the right to counsel was knowing, voluntary, and intelligent. Although the mother certainly requested to proceed pro se and received such relief, we have previously explained that "a showing on the record of a knowing, voluntary and intelligent waiver of the [right to counsel]" was a prerequisite to the court's grant of that relief (Storelli, 101 AD3d at 1788). The first dissent's assertion that the mother is not aggrieved because she was permitted to represent herself as she requested assumes that the mother made "a knowing, voluntary and intelligent choice" in obtaining that relief (Girard, 137 AD3d at 1590). That issue, for the reasons previously stated, was the subject of contest before the court and is therefore reviewable on appeal from the orders in appeal Nos. 1-5 (see James, 19 NY2d at 256 n 3; Heavenly A., 173 AD3d at 1622; Graham, 140 AD3d at 766-767). We also note that the first dissent ignores that the issue whether the mother validly waived her right to counsel was raised on the record and the court articulated its determination on that issue. Based on the foregoing, we are unpersuaded by the first dissent's assertions that the rule stated in James and its progeny is not a "proper channel[]" through which we may review the mother's challenge to the validity of her waiver of the right to counsel in appeal Nos. 1-5 and that we are improperly "circumventing the default."
We likewise reject the reading of the rule in James advocated by the second dissent (Carni, J.). The second dissent's narrow reading conflates the language setting forth the rule with that describing the particular procedural and factual posture of the case (see James, 19 NY2d at 256 n 3).
We nonetheless conclude upon review of the mother's challenge to the validity of her waiver of the right to counsel that it lacks merit. As previously stated, "[w]here a party unequivocally and timely asserts the right to self-representation, the court must conduct a [*3]searching inquiry to ensure that the waiver of the right to counsel is knowing, intelligent, and voluntary" (Matter of Aleman v Lansch, 158 AD3d 790, 792 [2d Dept 2018]; see Kathleen K., 17 NY3d at 385; Martinez, 154 AD3d at 1085). "A searching inquiry' does not have to be made in a formulaic manner" (Kathleen K., 17 NY3d at 386). Importantly, "there is no rigid formula to be followed in such an inquiry, and the approach is flexible," although "the record must demonstrate that the party was aware of the dangers and disadvantages of proceeding without counsel" (Matter of Pitkanen v Huscher, 167 AD3d 901, 902 [2d Dept 2018] [internal quotation marks omitted]).
Here, the mother was repeatedly advised by the court of the right to counsel, including assigned counsel, and was represented by several attorneys throughout the proceedings. Yet she discharged or consented to the withdrawal of each of those attorneys for her own reasons and ultimately opted to represent herself, even after she was advised that proceeding without the assistance of trained and qualified counsel might be difficult or detrimental and that she would be required to follow the rules of evidence. The mother also demonstrated the ability and preparedness to proceed pro se by, among other things, issuing subpoenas to various witnesses and filing exhibits. The record thus establishes that the court's inquiry was sufficient to ensure that the mother's waiver of the right to counsel was knowing, intelligent, and voluntary (see e.g. Martinez, 154 AD3d at 1086; Matter of Angela C. v Harris K., 102 AD3d 588, 589 [1st Dept 2013]; Matter of Jazmone S., 307 AD2d 320, 321-322 [2d Dept 2003], lv dismissed 100 NY2d 615 [2003], lv dismissed 1 NY3d 584 [2004]; Matter of Francisco v Francisco, 298 AD2d 925, 926 [4th Dept 2002], lv denied 99 NY2d 504 [2003]).
The mother further contends in appeal Nos. 1-5 that the court erred in failing to grant her an adjournment after she did not return to the courtroom following a recess and instead notified the court by email that she was attending to an unspecified emergency. Inasmuch as the mother's email indicated that she no longer wanted to participate in the "illegal" and "[u]nlawful" proceeding, expressed an anticipation on her part that the hearing would proceed in her absence, and failed to advise that she would attend at a later date if the hearing was postponed to accommodate her purported emergency, we conclude that the mother never requested an adjournment (see generally Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1477 [4th Dept 2017], lv denied 31 NY3d 904 [2018]). Therefore, this issue is not reviewable on appeal from the orders entered upon her default in appeal Nos. 1-5 because it was not a subject of contest before the court (cf. Matter of Cameron B. [Nicole C.], 149 AD3d 1502, 1503 [4th Dept 2017]; Tun, 10 AD3d at 651-652).
We reject the mother's contention in appeal No. 6 that the court abused its discretion in denying her motion to vacate the order entered upon her default in appeal No. 1. The mother failed to meet her burden of establishing a reasonable excuse for her failure to appear for the remainder of the hearing and a meritorious defense (see Matter of Strumpf v Avery, 134 AD3d 1465, 1466 [4th Dept 2015]; Matter of Lastanzea L. [Lakesha L.], 87 AD3d 1356, 1356 [4th Dept 2011], lv dismissed in part and denied in part 18 NY3d 854 [2011]).
Finally, we have reviewed the mother's remaining contention and conclude that, to the extent that it is properly before us, it lacks merit.
Whalen, P.J., Peradotto and Lindley, JJ., concur; Curran, J., dissents and votes to dismiss appeal Nos. 1-5 in the following memorandum: I must respectfully dissent and would dismiss the appeals from the orders in appeal Nos. 1-5 in their entirety because those orders were entered upon respondent-petitioner mother's default and no appeal lies therefrom (see CPLR 5511; Matter of Rottenberg v Clarke, 144 AD3d 1627, 1627 [4th Dept 2016]).
I agree with the majority to the extent that it concludes that the mother's default precludes our review of her contention in appeal Nos. 1-5 that Family Court erred in failing to grant an adjournment. With respect to appeal No. 6, I also agree that the court did not abuse its discretion in denying her motion to vacate the order entered upon her default in appeal No. 1. I depart from the majority's rationale with respect to its review, in appeal Nos. 1-5, of the mother's contention that the court erred in failing to ensure that the mother's waiver of the right to counsel—and her request to proceed pro se—was knowing, intelligent, and voluntary. Although the majority acknowledges that the orders in those appeals were entered on the mother's default, it nevertheless concludes that this Court may review the mother's contention because the issue was [*4]the " subject of contest' " before the trial court (Tun v Aw, 10 AD3d 651, 652 [2d Dept 2004], quoting James v Powell, 19 NY2d 249, 256 n 3 [1967], rearg denied 19 NY2d 862 [1967]; see Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1622 [4th Dept 2019]). The problems with applying that purported exception to this case are legion.
There is no dispute that, under CPLR 5511, a party may not appeal from an order or judgment unless the party is aggrieved thereby. For example, we routinely dismiss appeals from orders entered on consent because a party is not aggrieved by that to which he or she has agreed (see e.g. Adams v Genie Indus., Inc., 14 NY3d 535, 540-541 [2010]; Dumond v New York Cent. Mut. Fire Ins. Co., 166 AD3d 1554, 1555 [4th Dept 2018]; Matter of Caiden G. [Walter G.], 162 AD3d 1497, 1498 [4th Dept 2018], lv dismissed in part and denied in part 32 NY3d 1034 [2018]). As noted above, CPLR 5511 also expressly precludes our review of an order or judgment "entered upon the default of the aggrieved party." In essence, the entry of an order or judgment upon default is the equivalent of a party's consent to the relief because in both circumstances the party appealing from such an order is not aggrieved (see e.g. Miller v Tyler, 58 NY 477, 480 [1874]; Matter of Fotiades, 6 AD3d 612, 612-613 [2d Dept 2004]; Brown v Chase, 3 Misc 3d 129[A], 2004 NY Slip Op 50371[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]).
"[T]he concept of aggrievement is about whether relief was granted or withheld, and not about the reasons therefor" (Benedetti v Erie County Med. Ctr. Corp., 126 AD3d 1322, 1323 [4th Dept 2015] [internal quotation marks omitted]). I would add that, in civil matters like this case, which do not involve an issue of constitutional proportion (cf. Matter of Stephen Daniel A. [Sandra M.], 87 AD3d 735, 736 [2d Dept 2011]), the aggrievement concept is relational in the sense that the contest must exist between or among the parties—not as the majority appears to perceive, between the court and a party.
The fact that aggrievement lies at the center of the rule in CPLR 5511 is supported by authoritative secondary sources, which note that it is precisely the "[l]ack of aggrievement [that] precludes [an] appeal from a judgment or order entered on a default. The party does not become aggrieved until he [or she] has moved to vacate the default and the motion has been denied" (Siegel, NY Prac § 525 at 922 [5th ed 2011]; see also Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5511:1 at 296 [2014 ed] [hereafter Reilly, Practice Commentaries]).
In recognition of this concept, the legislature has provided for vacatur as the means by which a party may obtain review of an order or judgment entered on default (see Reilly, Practice Commentaries, at 296). Thus, it is plain that the mother had a remedy by which she could challenge a perceived inadequacy in the court's colloquy concerning her waiver of the right to counsel. In fact, she made use of that remedy when she moved to vacate the default order challenged in appeal No. 1, and the denial of that motion forms the basis for appeal No. 6. Significantly, however, nowhere in her motion to vacate did the mother challenge the waiver of her right to counsel. There is no dispute, and the majority does not argue to the contrary, that the mother may not raise this contention in appeal No. 6 inasmuch as she did not raise it in her motion to vacate the default order at issue in appeal No. 1 (see e.g. Matter of Deryck V.J. [Deryck T.J.], 159 AD3d 411, 411 [1st Dept 2018]; Matter of Anastashia S. [Tonya R.], 96 AD3d 1442, 1442-1443 [4th Dept 2012]; Matter of Kimberly Carolyn J., 37 AD3d 174, 175 [1st Dept 2007], lv dismissed 8 NY3d 968 [2007]). In short, because the majority cannot reach the issue of the mother's waiver of counsel through the proper channels, i.e., its review of the order denying her motion to vacate, it is forced to argue that the issue was the subject of contest under James.
In the course of these proceedings, the mother was represented by several different attorneys, at least one of whom was assigned to her pursuant to statute (see generally Family Ct Act § 262). She consented to the withdrawal of the last attorney shortly before the hearing commenced. At that point, the mother elected to proceed pro se because none of her attorneys would do as she wanted. She was concerned that she would be assigned an attorney that she previously found inadequate and complained that she would agree to representation if she "had a lawyer representing [her] properly." The majority concludes that the mother is aggrieved by the court's decision to allow her to proceed pro se. In my view, that conclusion vitiates the statutory aggrievement requirement (see CPLR 5511). As the foregoing lays bare, the mother received [*5]precisely the relief she sought and therefore is not aggrieved (see T.D. v New York State Off. of Mental Health, 91 NY2d 860, 862 [1997]; Benedetti, 126 AD3d at 1323; Mixon v TBV, Inc., 76 AD3d 144, 148-149 [2d Dept 2010]).
The majority recognizes that the statutory aggrievement requirement normally would preclude our consideration of an order or judgment "entered upon the default of an aggrieved party"—i.e., the orders in appeal Nos. 1-5. In circumventing the default, however, the majority relies on a purported exception that permits this Court to review issues that were the subject of contest before the appealing party's default (see James, 19 NY2d at 256 n 3; Heavenly A., 173 AD3d at 1622; Tun, 10 AD3d at 652). I do not agree that James created, via a mere footnote, such a broad exception to the aggrievement requirement, and I see nothing in that case to suggest otherwise. As I read it, the relevant footnote in James did nothing more than appropriately apply the aggrievement requirement to the facts of that case.
The majority's reliance on James as the progenitor of this exception not only is misplaced but also ignores crucial context. Although the relevant footnote in that case uses the words "notwithstanding that such judgment was based in part on what was, in effect, a default" to describe the posture of the case (James, 19 NY2d at 256 n 3), the record in James makes clear that an inquest on damages—the key issue raised on appeal—was fully contested by the defendant, who appeared by counsel, and the determination as to damages was therefore appealable under CPLR 5511 (see James, 19 NY2d at 255). In fact, rather than being an exemplar of the broad exception envisioned by the majority, James is precisely the type of aggrievement envisioned by Professor Siegel in explaining the concept of an "aggrieved" party and what may be raised on appeal from a default. There, he stated that "[i]f there has been a contest on the question of damages, however, even though liability has been established through a default, appeal does lie from the contested damages result" (Siegel, NY Prac § 525 at 922).
This case is not comparable to James because there is no dispute that the orders in appeal Nos. 1-5 were entered on default after the mother absented herself from the proceedings. In contrast, the judgment entered upon the damages inquest in James was not entered on default because, as noted, the defendants' lawyer appeared at and actually contested the inquest. Thus, in my view, the footnote in James does nothing more than recount the existing law permitting appellate review of contested damages inquests and of intermediate orders (see e.g. McClelland v Climax Hoisery Mills, 252 NY 347, 353-354 [1930]; Jay-Washington Realty Corp. v Koondel, 268 App Div 116, 120 [1st Dept 1944]).
Even if James created an exception as held by the majority, I would conclude that it is inapplicable here. First, an issue may properly be considered the subject of contest where a party requests relief from a court, that request is opposed by another party, and the court denies the request for relief (see e.g. Matter of Kieara N. [Shasha F.], 167 AD3d 620, 621 [2d Dept 2018], lv denied 33 NY3d 906 [2019]; Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 679 [2d Dept 2014]). Second, an issue has also been the subject of contest where a party requests relief from a court and, although there is no opposition by another party, the court denies the request for relief (see Tun, 10 AD3d at 652). In both examples, there was an actual dispute—a contest or challenge—to the relief sought by the appealing party. Under those circumstances, although the party subsequently defaulted, it made sense to review matters that actually were litigated prior to that occurrence.
In contrast, this case presents a third variation on the theme: a party has requested relief, it is not opposed by another party, and the court grants the requested relief such that there has been no contest at all. In the third variation, unlike the first two, there is no aggrievement. I note that all of this Court's cases reviewing an issue that was the subject of contest involved situations in which the appealing party was actually aggrieved by the issue raised on appeal (see e.g. Heavenly A., 173 AD3d at 1621; Matter of King v King, 145 AD3d 1613, 1614 [4th Dept 2016]; Rottenberg, 144 AD3d at 1627-1628; Matter of Atwood v Pridgen, 142 AD3d 1278, 1279 [4th Dept 2016], lv denied 28 NY3d 945 [2016]; Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1402-1403 [4th Dept 2016]; Britt v Buffalo Mun. Hous. Auth., 109 AD3d 1195, 1196 [4th Dept 2013]).
The majority's approach in concluding that the mother's request to proceed pro se is the subject of contest can be summarized thusly: because a court has an affirmative duty to ensure [*6]that the waiver of the right to counsel was knowing, intelligent, and voluntary, the issue whether that court actually met its obligation is always the subject of contest, even absent a dispute and even where the party requesting that relief obtained what he or she sought. To accept that an issue is contested whenever the court has an affirmative obligation to act invites litigants to successfully obtain an uncontested waiver and then proceed to default—all the while knowing that the matter may still be appealed under the majority's theory.
I note that there is an interesting question whether the majority's approach could be invoked to allow us to reach other issues not involving the waiver of the right to counsel where there has been a default. For example, in the summary judgment context, it appears that a court has the obligation to evaluate whether the movant met his or her initial burden on the motion regardless of whether any opposition was interposed (see e.g. Citibank, N.A. v Cabrera, 130 AD3d 861, 861 [2d Dept 2015]; Liberty Taxi Mgt., Inc. v Gincherman, 32 AD3d 276, 277 n [1st Dept 2006]). Thus, if the opposing party defaults on the motion and submits no opposition, does the majority's approach permit the conclusion that the opposing party is still aggrieved and does not have to move to vacate the default to permit this Court to review whether the movant met his or her initial burden? In my view, this example demonstrates the sea change in the law that the majority's approach creates.
The majority also relies on Matter of Graham v Rawley (140 AD3d 765 [2d Dept 2016], lv dismissed in part and denied in part 28 NY3d 955 [2016]) to support its conclusion that the adequacy of the court's colloquy with respect to the mother's waiver of the right counsel was the subject of contest. Although superficially on point because it involved the same issue, I note that the sparse and conclusory memorandum in that case does not make clear why the adequacy of the court's colloquy on the waiver of counsel was the subject of contest such that the issue could be reached despite the mother's default (id. at 766-767). Thus, I would decline to follow the Second Department's approach here because it is unclear whether the facts of that case are in accord with this case.
Ultimately, I can hardly fathom the floodgates that would be opened by the majority's approach, which would entirely eliminate the need for parties to make use of the vacatur procedure, i.e., the statutorily prescribed mechanism for reviewing a default on appeal (see CPLR 5015, 5511; see also Siegel, NY Prac § 525 at 922; Reilly, Practice Commentaries at 296). Thus, I would hold that the mother is not aggrieved by the court's resolution of this issue—the court granted her unoppposed request to proceed pro se—and that the appeals from the orders in appeal Nos. 1-5 should accordingly be dismissed in their entirety. Carni, J., dissents and votes to dismiss appeal Nos. 1-5 in the following memorandum: I respectfully dissent and would dismiss the appeals from the orders in appeal Nos. 1-5 in their entirety on the ground that no appeal lies from those orders inasmuch as they were entered upon respondent-petitioner mother's default (see CPLR 5511).
The majority reaches the mother's contention in appeal Nos. 1-5 that Family Court failed to ensure that her waiver of the right to counsel was knowing, intelligent, and voluntary—avoiding what would otherwise be dismissal on CPLR 5511 grounds—by concluding that this issue was the subject of contest before the court. The genesis of the "subject of contest" exception to CPLR 5511 is a footnote in the Court of Appeals' decision in James v Powell, which held that the default order in that case did not foreclose appellate review insofar as the defendants there "ask[ed] [the Court] to review only matters which were the subject of contest below" (19 NY2d 249, 256 n 3 [1967], rearg denied 19 NY2d 862 [1967]). The Court in James specifically noted that "on an appeal from a final determination based in part on a default, review may be had of the proceedings on a contested inquest . . . as well as of an intermediate order necessarily affecting' the final determination" (id.).
Unlike the majority, I read that footnote to apply narrowly, encompassing only those circumstances where an order is entered "in part on a default" and where review of that order is sought with respect to a "contested inquest" or "an intermediate order necessarily affecting' the final determination" (id.). The relevant orders in this case were entered entirely on the mother's default, and the mother is not seeking review of either a contested inquest or an intermediate order. Thus, I do not read the footnote in James to apply here and would not extend its narrow language to allow us to review the mother's contention despite her default. We are thus left with [*7]the mandate of CPLR 5511, which prohibits an appeal from those orders entered on the mother's default.
The majority criticizes this reading of James, asserting that it conflates the Court of Appeals' language setting forth the rule with that describing the procedural and factual posture of the case. I disagree. The Court of Appeals in James recognized in its footnote that, although CPLR 5511 would typically bar the subject appeal, it did not bar defendants' appeal in that case "since they ask[ed] [the Court] to review only matters which were the subject of contest below" (19 NY2d at 256 n 3). The Court then explained, based on its prior decisions, that a matter becomes the "subject of contest" where the final determination is based "in part on a default" and the review sought regards either a "contested inquest" or an "intermediate order necessarily affecting the final determination" (id. [internal quotation marks omitted]). Thus, the Court of Appeals did not—by a mere footnote—create a new rule or exception to CPLR 5511; rather, it relied on precedent to explain why it could reach an issue that it otherwise, by statute, could not. By reading the "subject of contest" language in isolation and eschewing the discussion that immediately follows that language, however, the majority asserts a much broader exception to CPLR 5511 that would apply regardless of whether the relevant order was entered entirely on default and regardless of whether the issue that was the subject of contest was ever memorialized in an order. I simply do not read the Court of Appeals' decision in James as creating that broad exception by footnote; instead, I read it in its entirety as recognizing a narrow exception based on then-existing precedent.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court