Matter of Davis v Schley (2024 NY Slip Op 02614)

Matter of Davis v Schley

2024 NY Slip Op 02614

Decided on May 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2024

Before: Moulton, J.P., Scarpulla, Shulman, Higgitt, O'Neill-Levy, JJ. 

Index No. 153380/24 Appeal No. 2415 Case No. 2024-02974 

[*1]In the Matter of Londel Davis, Jr., et al., Respondents, 
v
Craig Schley, Appellant, The Board of Elections in the City of New York, Respondent.

Abrams Fensterman, LLP, White Plains (Lisa C. Florio of counsel), for appellant.
Paul D. Newell, New York, for respondents.

Order and judgment (one paper), Supreme Court, New York County (Richard G. Latin, J.), entered April 29, 2024, which struck the unverified answer of appellant Craig Schley and granted the petition to invalidate his designating petition, unanimously reversed, on the law and the facts, without costs, and the matter remanded for further proceedings consistent with this opinion.
As a preliminary matter, we reach the merits of the issues despite the petition being granted upon respondent's "default." The issue raised on appeal is whether Supreme Court properly struck respondent's unverified answer (see Matter of Atwood v Pridgen, 142 AD3d 1278, 1279 [4th Dept 2016], lv denied 28 NY3d 945 [2016]).
Petitioners failed to reject respondent's answer and deem it a nullity based upon the lack of a verification (see CPLR 3022). As a result, Supreme Court abused its discretion in sua sponte striking respondent's answer and granting the petition on default on this basis. Under CPLR 3026, "[p]leadings shall be liberally construed" and "[d]efects shall be ignored if a substantial right of a party is not prejudiced" (Matter of Augostini v Bernstein, 172 AD3d 1946, 1947 [4th Dept 2019]). 
Accordingly, the matter is remanded for further proceedings, including a determination of whether respondent's answer was properly served.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2024