Matter of Crespo v Wynn

2026 NY Slip Op 02517

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF ANTHONY CRESPO, PETITIONER-RESPONDENT-RESPONDENT,

v

SHERIDAN D. WYNN, RESPONDENT-PETITIONER-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

143 CAF 24-01914

Present: Whalen, P.J., Lindley, Curran, Smith, And Delconte, JJ.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JONATHAN GARVIN OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT.

MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILDREN.

Appeal from an order of the Family Court, Monroe County (Nicole E. Bayly, R.), entered October 15, 2024, in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted the parties joint custody of the subject children.

[*1]

It is hereby ORDERED that said appeal is unanimously dismissed except insofar as respondent-petitioner challenges the validity of her waiver of the right to counsel, the order is reversed on the law without costs, the petition of respondent-petitioner is reinstated, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner-respondent father commenced this proceeding pursuant to Family Court Act article 6 seeking sole custody of the parties' two children, and respondent-petitioner mother subsequently filed a petition seeking, among other things, sole custody of the children. At the mother's initial appearance, Family Court advised the mother that she had the right to counsel, and the mother indicated that she planned to represent herself. The court scheduled a hearing on the petitions and warned the parties that, if a party failed to appear, the court would dismiss that party's petition and proceed without the party. The mother failed to appear at the hearing, and the court noted her default and proceeded on the father's petition. The mother now appeals from an order that, inter alia, dismissed her petition and awarded the parties joint custody of the children.

The mother contends that the court erred in failing to ensure that her waiver of the right to counsel was knowing, voluntary, and intelligent. Initially, we note that the mother's contention is reviewable despite her default. In general, "[n]o appeal lies from an order [or judgment] entered upon an aggrieved party's default" (Matter of DiNunzio v Zylinski, 175 AD3d 1079, 1080 [4th Dept 2019] [internal quotation marks omitted]; see CPLR 5511). Nevertheless, an appeal from an order or judgment entered upon the default of the appealing party "brings up for review those matters which were the subject of contest before the [court]" (DiNunzio, 175 AD3d at 1080 [internal quotation marks omitted]; see Tun v Aw, 10 AD3d 651, 652 [2d Dept 2004]). The "request by a party to waive the right to counsel and proceed pro se . . . places in issue whether the court fulfilled its obligation to ensure a valid waiver" and may be reviewed by this Court on an appeal by the subsequently defaulting pro se party (DiNunzio, 175 AD3d at 1081; see Matter of Graham v Rawley, 140 AD3d 765, 766-767 [2d Dept 2016], lv dismissed in part & denied in part 28 NY3d 955 [2016]).

With respect to the merits of the mother's contention, respondents in proceedings pursuant to Family Court Act article 6 "may face the infringements of fundamental interests and rights, including the loss of a child's society . . . , and therefore have a constitutional right to counsel in such proceedings" (DiNunzio, 175 AD3d at 1081 [internal quotation marks omitted]; see Family Ct Act

§ 262 [a] [iii]). "The deprivation of a party's fundamental right to counsel is a denial of due process and [therefore] requires reversal, without regard to the merits of the unrepresented [*2]party's position" (Matter of Deon M. [Vernon B.], 68 AD3d 1740, 1741 [4th Dept 2009] [internal quotation marks omitted]; see Matter of Evan F., 29 AD3d 905, 906 [2d Dept 2006]).

"[A] court's decision to permit a party who is entitled to counsel to proceed pro se must be supported by a showing on the record of a knowing, voluntary and intelligent waiver of [the right to counsel]" (Deon M., 68 AD3d at 1741 [internal quotation marks omitted]; see Matter of David VV., 25 AD3d 882, 884 [3d Dept 2006]). "If a timely and unequivocal request [to proceed pro se] has been asserted, then the trial court is obligated to conduct a 'searching inquiry' to ensure that the [party's] waiver is knowing, intelligent, and voluntary" (Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385 [2011]; see DiNunzio, 175 AD3d at 1081; Matter of Girard v Neville, 137 AD3d 1589, 1590 [4th Dept 2016]). Although "[a] 'searching inquiry' does not have to be made in a formulaic manner" (Kathleen K., 17 NY3d at 386), "the record must demonstrate that the party was aware of the dangers and disadvantages of proceeding without counsel" (DiNunzio, 175 AD3d at 1083 [internal quotation marks omitted]; see Matter of Pitkanen v Huscher, 167 AD3d 901, 902 [2d Dept 2018]).

Here, the record reflects that the court failed to conduct a searching inquiry to ensure that the mother's waiver of the right to counsel was a knowing, voluntary, and intelligent choice (see Girard, 137 AD3d at 1590; Matter of Storelli v Storelli, 101 AD3d 1787, 1788 [4th Dept 2012]). We therefore reverse the order, reinstate the

mother's petition, and remit the matter to Family Court for a new hearing on the petitions.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court